**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KHEM CHANDER,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos.   12-73316
          13-71361

Agency No. A200-774-617

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

   In these consolidated petitions for review, Khem Chander, a native and citizen

of India, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his application

for asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT") (No. 12-73316), and the BIA's order denying his motion to reopen removal proceedings (No. 13-71361). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review for abuse of discretion the agency's denial of humanitarian asylum, *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000), and the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petitions for review.

Substantial evidence supports the agency's adverse credibility determination based on the finding that Chander's testimony was inherently implausible, and based on the inconsistencies between Chander's testimony and his brother's affidavit. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the totality of circumstances). Chander does not challenge the agency's implausibility finding. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Contrary to Chander's contention, the agency considered his explanations for the inconsistencies, and those explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Chander's asylum and withholding of removal claims fail. *See*

*Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Furthermore, in light of the adverse credibility determination, the BIA did not abuse its discretion in denying humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii) (requiring showing of past persecution).

Chander's CAT claim also fails because it is based on the same statements found not credible, and he does not point to any other evidence in the record to compel the finding that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in India. *See Shrestha*, 590 F.3d at 1048-49. Chander fails to overcome the presumption that the agency considered all the evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

We do not reach Chander's arguments regarding corroboration or the reasonableness of relocation. *See Najmabadi*, 597 F.3d at 986 (this court's review is limited to the grounds relied upon by the BIA).

Finally, the BIA did not abuse its discretion in denying Chander's untimely motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2); *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) (polygraph evidence did not support motion to reopen because it was not previously unavailable).

**PETITIONS FOR REVIEW DENIED.**